PER CURIAM.
Wilhelm Daghofer (the former husband), appeals a nonfinal order adjudicating him and his attorney, Steven M. Selz, to be in civil contempt and ordering them to pay Agnes Daghofer’s (the former wife) attorney’s fees of $750.
In January 1998, the former wife filed a verified petition against the former husband, seeking the partition of real and personal property acquired in Palm Beach County during their marriage, including a former marital residence. In April 1998, the trial court entered an order granting the former wife exclusive possession of the former marital residence. The personal property located at the residence included a Rolls Royce titled in the former husband’s name, but in which the former wife claimed an interest. The former husband served a motion to disgorge the automobile. The trial court took the matter under advisement, informed attorneys for both parties that an order would be forthcoming and ordered the former -wife to disclose the location of the automobile. After receiving a fax containing the location of the automobile, but before the trial court entered the forthcoming order, the former husband and his attorney appeared at the location where the automobile was stored, demanded it and received possession of it. They did not disclose that the automobile was the subject of a motion before the court to which an order was forthcoming and did not notify the attorney for the former wife.
Thereafter, the former wife filed a motion for the entry of an order adjudicating the former husband and his attorney in contempt of court and requiring the return of the automobile. After the motion for contempt was filed, the trial court entered its order denying the former husband’s motion to compel disgorgement of the automobile. The order further stated, “provided that auto shall not be moved without Court order and shall be available for inspection by Defendant’s [the former husband’s] attorney only, and then upon reasonable notice and at a reasonable time.”
On August 16, 2000, the trial court entered the order which is the subject of this appeal, wherein it adjudicated the former husband and his attorney to be in civil contempt of court and ordered them to pay the former wife’s attorney’s fees of $750 within ten days. The trial court explained that clients are not expected to behave professionally, but their attorneys are, and found Selz’s conduct to be reprehensible and violative of the Palm Beach County Bar Association’s Standards of Professional Courtesy.
The former husband argues that he cannot be held in contempt for violating the order providing that the automobile cannot be moved without court order, because the conduct — removing the automobile — occurred prior to the entry of that order. We agree.
*685 Contempt is defined by the Florida Statutes as follows:
A refusal to obey any legal order, mandate or decree, made or given by any judge either in term time or in vacation relative to any of the business of said court, after due notice thereof, shall be considered a contempt, and punished accordingly. But nothing said or written, or published, in vacation, to or of any judge, or of any decision made by a judge, shall in any case be construed to be a contempt.
§ 38.23, Fla. Stat. (2000) (emphasis added). “For there to be civil contempt of court there must be a violation of a direct court order.” Gibson v. Bennett, 561 So.2d 565, 573 (Fla.1990) (McDonald, J., concurring specially) (emphasis added).
In this case, the contemptuous action was not the violation of an order, but acting without due regard for the order the parties were awaiting. At the time the former husband removed the automobile, there was no court order enjoining him from taking it. Furthermore, the trial court did not rule that the automobile should not be moved from its current location pending its forthcoming decision nor did it express an intention to rule a certain way.
The former husband’s attorney acted inappropriately and reprehensibly, as the trial court found. However, based on the foregoing authority, the trial court’s order adjudicating the former husband and his attorney in contempt is reversed and the case is remanded for further proceedings.
Reversed and remanded.
STEVENSON, TAYLOR and HAZOURI, JJ., concur.